# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 07-428-MLCF-SS-7 |
| TYRONE LEWIS | |

## REPORT AND RECOMMENDATION

Before the undersigned is the motion of the defendant, Tyrone Lewis ("Lewis"), for a determination as to whether excusable neglect entitles him to an extension of time to appeal. For the reasons described it is recommended that Lewis' motion be granted.

On April 2, 2009, a judgment of conviction was entered and Lewis was sentenced. Rec. doc. 214. He was incarcerated in Bastrop, Texas. On May 4, 2009, the Clerk received a notice of appeal from Lewis, who was proceeding in proper person. Rec. doc. 216.

Fed. R. App. P. 4(b)(1)(A) requires that the notice of appeal by the defendant in a criminal case be filed within ten days of entry of judgment or order from which the appeal is taken. In this case the final day for a timely notice of appeal was April 20, 2009. Lewis' notice of appeal was approximately two weeks late.

Rule 4(b) allows the district court to grant an additional thirty days in which to file a notice of appeal upon a finding of excusable neglect or good cause. The filing of an untimely notice of appeal in a criminal case is customarily treated by the United States Court of Appeals for the Fifth Circuit as a motion for a determination as to whether excusable neglect entitled the defendant to an extension of time to appeal. United States v. Golding, 739 F.2d 183, 194 (5th Cir. 1984 (*per curiam*).

The Fifth Circuit remanded Lewis' appeal for the determination. Rec. doc. 233. The District Judge referred the matter to the undersigned for a report and recommendation. Rec. doc. 234. Lewis was ordered to file a memorandum. Rec. doc. 235. Lewis reports that immediately following his

sentencing, he instructed his court-appointed counsel to file a notice of appeal. According to Lewis, his counsel was reluctant to file the notice. After consulting with other inmates, Lewis reports that he followed-up with his own notice of appeal. Rec. doc. 238. Lewis also requests appointment of new counsel, but this request is not before the undersigned. Lewis has demonstrated excusable neglect for the failure to file a timely notice of appeal.

The United States reports that it does not oppose the extension.

### RECOMMENDATION

IT IS RECOMMENDED that Lewis' motion for a determination as to whether excusable neglect entitled him to an extension of time to appeal[1] (Rec. doc. 216) be GRANTED.

### OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 4th day of September, 2009.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[1] See Lewis' notice of appeal (Rec. doc. 216).